IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv296
(3:07cr194)

| | |
|---|---|
| MERCED CAMPOS-QUEZADA, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 and Motion to Proceed In Forma Pauperis (Doc. No. 1) and Motion Requesting Preliminary Review (Doc. No. 2). For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. PROCEDURAL HISTORY

On August 28, 2007, the Grand Jury returned an Indictment against Petitioner charging him with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) and 846 (Count One); possession with intent to distribute cocaine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A). (Case No. 3:07cr194, Doc. No. 8).

On December 21, 2007, Petitioner appeared before a magistrate judge and pled guilty to Count One pursuant to a written Plea Agreement. (Id., Doc. No. 42). As part of the Plea Agreement, the Government agreed to dismiss Counts Two and Three. The parties stipulated that the amount of cocaine that was known to or reasonably foreseeable by Petitioner was in

excess of five kilograms but fewer than fifteen kilograms. The parties further agreed that he did not meet the criteria set forth in USSG §2D1.1(b)(1) (possession of dangerous weapon) and that the Government would not seek that two-level enhancement. Finally, the parties agreed that "based on the information known at this time," it appeared that Defendant met the criteria for the safety valve as set forth in 18 U.S.C. § 3552(f) and USSG § 5C1.2. Therefore, the Government did not object to Defendant receiving a two-level reduction in offense level. (Id. ¶ 6(c)).

In preparation for Petitioner's sentencing hearing, the Probation Office completed a Presentence Report ("PSR") on May 2, 2008. In accordance with the Plea Agreement, the Probation Officer included a two-level reduction for the safety valve pursuant to §2D1.1(b)(9). (Case No. 3:07cr194, Doc. No. 48; PSR). On May 12, 2008, the Government filed an objection to the PSR on the grounds that Petitioner was an organizer, leader and manager and that he did not truthfully provide the Government with all information and evidence concerning the offenses he committed; thus, he was not eligible for the safety valve. (Case No. 3:07cr194, Doc. No. 51: Objections). In response to the Government's objection, the Probation Officer prepared a revised PSR deleting the two-level downward adjustment for the safety valve and including a two-level enhancement for Petitioner's aggravating role. (Case No. 3:07cr194, Doc. No. 54: Revised PSR).

On July 17, 2008, Petitioner appeared with counsel before this Court for sentencing.[1] Defense counsel objected to the Probation Officer's calculations which included a two-level enhancement for Petitioner's role and to the conclusion that Petitioner did not satisfy the criteria for the safety valve. Both counsel proffered evidence regarding Petitioner's role in the offense

---

[1] A transcript of this hearing has not been filed. The Court has reviewed a rough transcript that appears accurate.

and the applicability of the safety valve. Petitioner and the case agent both testified. At the conclusion of the evidence and arguments by counsel, the Court found that Petitioner's testimony was not credible. The Court found that Petitioner did not qualify for the safety valve because he was a manager and had not provided truthful information to the Government. The Court imposed a sentence of one hundred thirty-five months' imprisonment followed by a five-year term of supervised release.[2] (Case No. 3:07cr194, Doc. No. 60: Judgment).

Petitioner did not file a Notice of Appeal, but instead timely filed the instant Motion to Vacate alleging that: (1) trial counsel was ineffective during sentencing for failing to argue that Petitioner was not a leader and qualified for the safety valve, and (2) the Government breached the Plea Agreement by arguing against the applicability of the safety valve.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. If it is determined that a petitioner is not entitled to relief, a reviewing court must dismiss the motion. Accordingly, this Court has reviewed Petitioner's Motion and the pertinent record. As explained below, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

---

[2] Based on the Court's factual findings, the offense level was 31, Petitioner's criminal history category was I, resulting in an advisory guidelines range of 120 to 135 months' imprisonment. (Case No. 3:07cr194, Doc. No. 61: Statement of Reasons).

III. DISCUSSION

  A. Ineffective Assistance of Counsel

In his Motion to Vacate, Petitioner claims that his counsel was ineffective for failing to argue against an enhancement for his role in the offense and for application of the safety valve. (Doc. No. 1 Motion at 5A).

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In order to satisfy the performance prong, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

A petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983). "If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697. Furthermore, in considering the prejudice prong of the analysis, a court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, a court "can only grant relief

4

under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Here, Petitioner asserts that his counsel was ineffective for failing to argue that he was not a manager in the instant offense and qualified for the safety valve. This claim is at odds with what actually occurred during the sentencing hearing. Defense counsel vigorously argued and presented evidence that Petitioner was a participant, but not a leader, in the instant offense. Further, counsel argued that Petitioner should receive the benefit of the safety valve. Thus, the record clearly contradicts Petitioner's claim that counsel was deficient for not making these arguments. The fact that the issues were resolved against Petitioner does not establish that counsel's performance fell below an objective standard of reasonableness. Accordingly, this Court need not consider the prejudice prong of the Strickland test since Petitioner cannot establish deficient performance.

B.      Breach of the Plea Agreement

Petitioner contends that the Government breached the Plea Agreement by arguing that he was a leader in the offense and did not qualify for the safety valve. Petitioner failed to raise this issue on direct appeal. Claims that could have been raised on appeal, and were not are barred in collateral proceedings. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or actual innocence. See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Here, Petitioner has not met his burden in establishing cause for failing to raise these claims on direct appeal nor

has he asserted actual innocence. Therefore, Petitioner has defaulted on this claim and collateral review is barred.[3]

III.     CONCLUSION

The Court has considered the pleadings and the entire record in this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1. the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED and DISMISSED;**

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 1) is **DENIED AS MOOT** as motions to vacate do not require a filing fee;

3. Petitioner's Motion Requesting Preliminary Review (Doc. No. 2) is **DENIED AS MOOT**; and

4. pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v.

---

[3] Even if the Court were to consider the merits, the Court would find this claim baseless. The Plea Agreement clearly stated the Government's position on the applicability of the safety valve was based on the information known at the time it was entered. (Case No. 3:07cr194, Doc. No. 42 ¶ 6(c)). According to the Government's Objection to the PSR, after entering the Plea Agreement, Petitioner failed to provide information to the government. (Id., Doc. No. 51 at 2). Thus, the Government did not breach the Plea Agreement by arguing against the safety valve. Nothing in the agreement prevented it from arguing in favor of an aggravating role.

McDaniel, 529 U.S. 473, 484 (2000) (when court denies relief on procedural grounds a certificate of appealability "should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.")

**SO ORDERED**.

Signed: September 11, 2010

Robert J. Conrad, Jr.
Chief United States District Judge